[No. 14471.   Department Two. — September 6, 1893.]

## JOSEPH E. SHAIN, RESPONDENT, *v.* H. M. PETERSON, APPELLANT.

REFERENCE OF CAUSE WITHOUT CONSENT — EXCEPTION — REVIEW UPON APPEAL. — The action of the trial court in making an order of reference without the consent of the parties, in a case where such consent is required, will not be reviewed by the appellate court in the absence of an exception thereto by the party complaining of such ruling.

ID. — IRREGULAR TRIAL — OBJECTION UPON APPEAL FOR FIRST TIME. — Where a trial of an action was irregular, but it appears upon appeal that the appellant was as much responsible therefor as the respondent, the judgment will not be reversed because of objections to mere matters of procedure urged upon appeal for the first time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Nagle & Nagle,* for Appellant.

*Vincent Neale,* for Respondent.

DE HAVEN, J. — This action was brought by plaintiff as assignee of Knowls and Company to recover $667.17 for goods, wares, and merchandise, alleged to have been sold by said Knowls and Company to defendant. The plaintiff recovered a judgment for the full amount demanded, and from this judgment and an order denying his motion for a new trial the defendant appeals.

The court made an order referring the case to one W. H. Barrows "to take the proof of all material allegations in the

complaint, and to report the same to the court." This order does not appear to have been made by consent, and the action was not of such a character that the court was authorized to make the order without the consent of the parties. The parties, however, appeared before the referee without objection and submitted their testimony, and no objection to such order was ever made in the superior court. Under these circumstances the appellant must be held to have waived all objections to such reference.

This court will not undertake to review the action of the trial court in making an order of reference in the absence of an exception thereto by the party complaining of such ruling. (*Joshua Hendy Machine Works* v. *Pacific Cable Co., ante,* p. 421.)

The taking of testimony before the referee was concluded on April 23, 1890, and on the day following, as appears from the bill of exceptions, the court, without consent of defendant, made a further order, referring the case " to W. H. Barrows, Esq., to try all the issues in said action, both of fact and of law, and report a finding and judgment thereon to the court, with all convenient dispatch." No exception seems to have been taken to this order, and thereafter the referee made his report, in which he returned to the court all the evidence taken before him under the first order, together with his finding of facts and conclusion of law that the plaintiff was entitled to a judgment for the amount claimed by him in the complaint, and the plaintiff thereupon moved for judgment " upon all the papers on file in said action, and upon the report, findings, and decree of said referee." Upon the hearing of this motion defendant appeared and made specific exceptions to certain of the findings upon the ground that the same were contrary to the evidence. The motion was submitted to the court upon these exceptions. The case may, therefore, be considered as if it had been submitted to the court for decision upon the evidence taken before the referee and embodied in his report. The court thereafter entered judgment for the plaintiff in accordance with the referee's report. The defendant then moved for a new trial, upon which motion the findings of the referee appear to have been treated as findings of the court, and the rulings made by the referee in the admission and exclusion of evidence as rulings of the court. The motion for a new trial was denied.

The trial in the court below was irregular; but for that the appellant seems˙ to have been as much responsible as the respondent, and we do not think the judgment should be reversed because of objections to mere matters of procedure which are urged here for the first time.

Upon the issue as to the amount remaining unpaid by appellant upon the account sued upon at the date of the commencement of this action, the evidence introduced by plaintiff was somewhat vague and indefinite, but still we cannot say that the finding of the court upon this point has no evidence upon which to rest for its support.

We find no error in the record of which appellant can complain. Judgment and order affirmed.

McFarland, J., and Fitzgerald, J., concurred.

Hearing in Bank denied.