[Sac. No. 548.    Department One.—November 27, 1899.]

A. H. CARPENTER, Appellant, v. W. B. NUTTER et al., Respondents.

MALICIOUS PROSECUTION—PLEADING—TERMINATION OF PROSECUTION.—In an action for malicious prosecution, it must be alleged that the prosecution is at an end, either by alleging that the defendant was acquitted of the charge, or by alleging facts showing the legal termination of the prosecution complained of in favor of the defendant prior to the commencement of the action.

ID.—CHARGE OF FELONY—DISMISSAL BY JUDGE.—In an action for the malicious prosecution of the plaintiff on a charge of felony, a complaint which, after setting out his commitment by a justice of the peace and the filing of an information against him in the superior court of a particular county, merely alleges that he was "released and discharged from custody and the information dismissed by the Hon. Joseph H. Budd, judge of the said superior court," is insufficient to show a legal termination of the prosecution, because the judge, acting as an individual and not in court, could not discharge the plaintiff or dismiss the information, and also because no facts were alleged negativing the power of the court to direct another information to be filed against him, under sections 997, 999, and 1387 of the Penal Code.

APPEAL from a judgment of the Superior Court of San Joaquin County.    Joseph H. Budd, Judge.

The facts are stated in the opinion.

Carpenter & Flack, for Appellant.

A. H. Ashley, Nicol & Orr, and W. M. Gibson, for Respondents.

COOPER, C.—Action to recover damages for malicious prosecution.   A demurrer was interposed to the complaint in the court below and sustained.   Judgment was thereupon entered in favor of defendants.   This appeal is from the judgment upon the judgment-roll and for the purpose of reviewing the order of the court sustaining the demurrer.   The complaint alleges in substance that at all times therein mentioned defendant Nutter was district attorney of San Joaquin county, and that defendant Parker was justice of the peace of Stockton township in said

county. That defendants Langford and De Vries were sureties on the official bond of defendant Nutter as such district attorney. That about the eighteenth day of January, 1898, the defendants Nutter, Weinberg, Parker, and Sapiro entered into a conspiracy to falsely and maliciously charge the plaintiff with the crime of grand larceny, and, in pursuance of such conspiracy, the said defendants last herein named, filed two written complaints in the justice's court of said defendant Parker and with said Parker as justice of the peace. That upon said complaints warrants of arrest were issued and plaintiff was arrested and taken in custody and compelled to give bail to secure his release. That after an examination of witnesses, and upon the advice and at the request of defendant Nutter as district attorney, the defendant Parker, as justice of the peace, held the plaintiff to answer and appear before the superior court of said county upon two charges of grand larceny. That afterward, on the twenty-first day of February, 1896, the defendant Nutter, as district attorney, filed two informations in the superior court of said county charging plaintiff with the crime of grand larceny in each case, said informations being based upon the commitments and orders made by said Parker as justice. That in all of said matters the defendants Nutter, Weinberg, Parker, and Sapiro acted maliciously and without probable cause. "That subsequently, and on the first day of March, 1898, the plaintiff was released and discharged from custody and said informations dismissed by the Hon. Joseph H. Budd, judge of the said superior court, on the ground that there was no evidence, cause, or probability that a crime had been committed, or that plaintiff was in any way connected with the crime of grand larceny, or any crime."

There is no allegation in any way connecting defendants Langford and De Vries with the alleged malicious prosecution, unless the fact that they are sureties on the bond of the defendant Nutter, as district attorney, so connects them. All the defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The defendant Parker separately demurred to it upon the ground of misjoinder of parties defendant and that several causes of action were improperly united, and upon other

grounds.    The demurrer was sustained as to all the defend-
ants, and we think the ruling correct.

In actions for malicious prosecution it must be alleged that
the prosecution is at an end, either by alleging that defendant
was acquitted of the charge, or by alleging facts showing the
legal termination of the prosecution complained of in favor of
defendant prior to the commencement of the action.    (1 Chitty
on Pleading, 680; Newell on Malicious Prosecution, sec. 1, p.
327; *Holliday v. Holliday*, 123 Cal. 31; *Hibbing v. Hyde*, 50 Cal.
206.)

The rule as above stated has always prevailed both in Eng-
land and in this country.    That it is a necessary rule founded
upon reason is apparent to the legal mind.    Proceedings in
courts having jurisdiction of the person and of the subject mat-
ter must be shielded from collateral attack.    And in all cases
where such proceedings have been regularly taken against a
party and sustained by the court in which it is pending it is con-
clusively presumed, when collaterally assailed, to have been
regular and valid, although in fact it may have been erroneous.
If the rule were otherwise, the judgment of courts would have
no efficacy, as they would be subject to impeachment wherever
an attempt was made to enforce them and would leave disputes
between parties forever unsettled.    Therefore, in this case the
complaint alleging and showing that the plaintiff was legally
examined and held to answer by a justice having jurisdiction
of the person and the right to examine into the question as to
the probability of his guilt or innocence of the crimes charged
against him, and that the district attorney of the county, being
the person in whom the law has vested the power and duty of
filing informations, has filed such informations in the superior
court having proper jurisdiction of the subject matter, it must,
in the face of the demurrer, be conclusively presumed that the
informations are still pending unless it is made to appear by
direct averment or by a statement of facts which show the neces-
sary legal conclusion that the prosecution has finally ended and
terminated in favor of plaintiff.    There is no allegation that
the plaintiff was acquitted of the charges contained in the in-
formations.    It might have been alleged that he was discharged
by an order of the court in which the prosecutions were pending,
but this was not done.    It is not even alleged that he was dis-

charged by any order of any court. The statement is that "he was discharged from custody and the informations dismissed by Hon. Joseph H. Budd, judge of the said superior court." There is no allegation that Joseph H. Budd is or was the judge of the superior court in which the informations were pending, but, even if it were so alleged, the judge, acting as an individual and not in court, could not discharge the plaintiff or dismiss the informations. The powers of a superior judge at chambers are enumerated in the code (Code Civ. Proc., sec. 166), and the authority to discharge a defendant or to dismiss an information is not among them. The general rule is, that all judicial business must be transacted in court, and the authority to transact such business out of court is exceptional and does not exist unless expressly authorized by statute. (*Larco v. Casaneuava,* 30 Cal. 565; *Norwood v. Kenfield,* 34 Cal. 332; *Loomis v. Andrews,* 49 Cal. 240.)

The court may of its own motion order an indictment or an action to be dismissed. (Pen. Code, sec. 1385.)

But in cases of felony such discharge is not a bar to another prosecution. (Pen. Code, secs. 999, 1387.)

The court may also direct another information to be filed. (Pen. Code, sec. 997.) If it had been alleged that the information was dismissed by the court the facts would have to be alleged in such manner as to show that the dismissal was an end of the prosecution. It is an elementary rule that the allegations of a pleading will be most strongly construed against the pleader. In no case can the court, in face of a demurrer, presume any facts to exist except such as are stated in the complaint. If the plaintiff in this case was in fact discharged by an order of the superior court of San Joaquin county, and the order was such as to end and finally determine the prosecutions under the informations, he could have so alleged in his complaint. He has not done so under the law as we understand it. It becomes unnecessary to consider any other questions in the case.

The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.       Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.