[Civ. No. 1590.  Second Appellate District.—February 26, 1915.]

## MARIANO RANDISI, Respondent, v. V. B. SIMONE et al., Appellants.

ACTION ON PROMISSORY NOTE—FINDINGS—RULE OF CONSTRUCTION.—It is a rule of construction that findings will be so construed as to uphold, rather than to defeat, the judgment; and when from facts found by the court other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court.

ID.—CONSIDERATION—COMPROMISE OF CLAIM.—The compromise of a doubtful claim asserted in good faith constitutes a sufficient consideration for a new promise; and it is immaterial if other matters than the compromise of the claim may have entered into the consideration; the law does not weigh the *quantum* of the consideration.

ID.—CONSTRUCTION OF FINDINGS—WHEN JUDGMENT SUPPORTED BY.— Where, when the findings in an action on a promissory note are construed so as to uphold the judgment, as they must be, it appears that the plaintiff accused defendants, as factors charged with the sale of wine, with acting in bad faith, and upon being threatened with suit based upon their action in the matter, an adjustment of the controversy was had whereby the defendants bought the wine for a certain price, which they gave the note in suit for, it sufficiently appears from the findings that upon the giving of the note the title to the wine passed to the defendants and a judgment in favor of the plaintiff is supported by the findings.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Milton T. Farmer, Judge presiding.

The facts are stated in the opinion of the court.

MacGowen & Haas, for Appellants.

Joseph Smith, and Carroll E. King, for Respondent.

SHAW, J.—Action to recover upon a promissory note made and delivered to plaintiff by defendants.

Judgment went for plaintiff, from which defendants appeal upon the judgment-roll.

The note was given in renewal of a prior note made to plaintiff by defendants, which note, as appears from the findings, was given under circumstances as follows: Some months before the making thereof, plaintiff and defendants agreed that the former should, in June, 1911, ship, consigned to the latter in New York city, a carload of wine which plaintiff then had in the city of Los Angeles and which defendants would sell; it being agreed that as compensation for their service in effecting such sale they should retain all the proceeds thereof in excess of thirteen dollars per barrel; that by reason of the wine being of an inferior quality defendants were unable to readily sell the same; that thereupon defendants paid the shipping charges and stored the wine, and two months later, on their return to Los Angeles, informed plaintiff of their inability to make the sale and of the fact that they had stored the same. Thereupon plaintiff charged them with bad faith and threatened them with a suit, but stated "that if they would sign a note for $900, he would make for them within three months thereafter $3000"; "that thereupon said defendants signed a note for $900, dated September 11, 1911, due one year after date, and delivered the same to said plaintiff; that said oral promise was made in September, 1911, and that the said note so dated September 11, 1911, was so given partly in reliance of this promise, partly to avoid a suit, and partly as a bond of security for the carload of wine which then stood in defendants' name in New York City; that thereafter, in December of 1911, defendants sold said wine so stored in New York City for an amount hardly sufficient to pay costs of shipping and storage of the same; and that said plaintiff never has made for said defendants the said sum of $3000 in accordance with said promise."

Appellants attack the findings, insisting that they do not support the judgment. It is a rule of construction that findings will be so construed as to uphold, rather than to defeat, the judgment; and when from facts found by the court other

facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court. The compromise of a doubtful claim asserted in good faith constitutes a sufficient consideration for a new promise. Whether or not defendants' conduct with reference to and the handling of the wine had been such as to justify plaintiff, in good faith, in believing he had a cause of action against them, is not specifically found. Since, however, plaintiff did assert a claim upon which he threatened to sue them, which, if made in good faith, the surrender thereof would constitute a sufficient consideration for the note, such finding will be deemed implied.

It is immaterial that other matters than the compromise of this claim may have entered into the consideration for the giving of the note. "The law does not weigh the *quantum* of the consideration." (*Whelan* v. *Swain,* 132 Cal. 389, [64 Pac. 560].) Construing the findings, as we must, most favorably in support of the judgment, it appears therefrom that the plaintiff accused defendants, as factors charged with the sale of the wine, with acting in bad faith, and upon being threatened with suit based upon their action in the matter, an adjustment of the controversy was had whereby defendants bought the wine for the purchase price of which they gave their note for nine hundred dollars. This view is borne out by the fact that in December following the date of the original note they sold the wine without regard to the price fixed therefor by plaintiff in the original contract, and made no accounting to him of the proceeds. We think it sufficiently appears from the findings that upon the giving of the note the title to the wine passed to defendants, who thereafter disposed of it as their own, neither plaintiff asserting nor defendants recognizing in him any right or interest therein.

So far as concerns the promise of plaintiff to make three thousand dollars within three months for defendants, it is to be noted that when they gave their renewal note the time had long since passed for the performance of such promise, and it may well be claimed that if defendants relied upon such unfulfilled promise as a defense to the note, they should have asserted such claim when called upon to renew the original note, otherwise be deemed to have waived it.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.