[Civ. No. 4053. First Appellate District, Division One.—October 27 1921.]

B. F. SHEPHERD, Jr., et al., Petitioners, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

[1] NEW TRIAL—ORDER ON HOLIDAY—IRREGULARITY—WAIVER.—After judgment for the defendants in an action, a court order granting a new trial made and entered on a holiday, but within time, is a mere irregularity which is waived by the defendants by their failure to call the attention of the court, or of the plaintiffs to their objection to the procedure until after the time within which the plaintiffs might have appealed from the judgment against them.

54 Cal. App.—43

[2] ID. — ORDER GRANTING — COURT FUNCTION. — A motion for a new trial is not heard by the judge as an individual, but by the court; and an order granting a motion for a new trial is not one which the judge has a right to make out of court.

[3] ID. — TIME FOR DETERMINATION — EXPIRATION ON SUNDAY — DENIAL BY OPERATION OF STATUTE. — Where the three months' period within which the court can determine a motion for a new trial expires on a Sunday, the court must decide the motion before 12 o'clock noon of the Saturday preceding, and where it does not do so the effect is a denial of the motion, without further order of the court, by operation of the statute, and the court is deprived of any further power in the matter.

[4] ID. — VOID ORDER — PROHIBITION. — Where the defendants have no plain, speedy, or any remedy by appeal from a void order granting a new trial, they are entitled to a writ of prohibition to restrain the court from proceeding with the retrial of the case.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Fresno County and S. L. Strother, Judge thereof, from proceeding with the retrial of a case, following the making of a void order granting a new trial. Writ granted.

The facts are stated in the opinion of the court.

Lewis H. Smith and J. P. Bernhard for Petitioners.

G. L. Aynesworth and L. N. Barber for Respondents.

WASTE, P. J.—The petitioners have applied for a writ of prohibition to restrain the respondent from proceeding with the retrial of a case, after motion for a new trial granted. The order purporting to grant the motion is regular on its face, but is shown by uncontroverted evidence to have been irregularly made and entered.

The petitioners were defendants in an action, brought in the court below, entitled *Kahriman et al.* v. *Shepherd et al.* (No. 23,376). Judgment was rendered in their favor. On

3. General rule for computing time when Sunday or holiday is the first or last day, notes, **Ann. Cas.** 1917E, 934, 949, 952; 49 **L. R. A.** 204; 15 **L. R. A. (N. S.)** 687; 38 **L. R. A. (N. S.)** 1162; 3 **B. R. C.** 678.

Computation of time for performance of act under court rule where last day falls on Sunday, note, **Ann. Cas.** 1914B, 1036.

the third day of January, 1921, as such defendants, they gave notice to the plaintiffs in the action of the entry of the judgment. Plaintiffs in the action thereupon interposed a motion for a new trial, which, after argument and submission, was taken under advisement by the trial court. By the terms of section 660 of the Code of Civil Procedure the period of limitation on the power of the court to determine the motion expired on Sunday, April 3d. Between 3 and 4 o'clock on Saturday afternoon, April 2d, the trial judge telephoned from his residence to his courtroom clerk, who was then at his own home, to enter an order granting the motion for a new trial. This order was not entered by the clerk until the next Monday morning, April 5th, when it was made to appear in the minutes as though made and entered during a regular session of the court on Saturday, April 2d. The petitioners here subsequently made a motion to vacate and set aside the order granting a new trial, which was denied, and the respondent is about to go forward with the retrial of the case, to prevent which this proceeding was brought.

The petitioners contend that the action of the trial court in granting the motion for a new trial was a nullity for two reasons which we deem worthy of consideration: First, because the purported order was made on a holiday, and, second, for the reason that it was not given and made in court. Corollary, we may say, to both propositions is the suggestion that the time within which the trial court could determine the motion for a new trial had expired by the limitation fixed by the code section.

[1] If we were only called upon to consider the effect of a court order made and entered on a holiday, *but within time*, we would not hesitate to hold with the respondent, and say that the action of the trial court resulted in a mere irregularity, which was waived by the subsequent attitude of the petitioners in not calling the attention of the respondent, or of the plaintiffs in the action, to their objection to the procedure until after the time within which the plaintiffs might have appealed from the judgment against them. (*McGrath* v. *Langford,* 35 Cal. App. 215, 217 [169 Pac. 424]; *People* v. *Maljan,* 34 Cal. App. 384, 388 [167 Pac. 547].) Another and more serious consideration is

presented by the fact that the respondent attempted to perform a judicial act out of court.

[2] The motion for a new trial was not heard by the respondent judge merely as an individual, but by the *court.* Its determination was a judicial act (Code Civ. Proc., sec. 660; *Campbell* v. *Genshlea,* 180 Cal. 213, 217 [180 Pac. 336]), and the order granting the motion was not one which the respondent had a right to make out of court. The powers of a judge of the superior court at chambers are enumerated in section 166 of the Code of Civil Procedure, and the authority to determine a motion for a new trial is not among them. The general rule is, that all judicial business must be transacted in court, and the authority to transact such business out of court is exceptional, and does not exist unless expressly authorized by statute. (*Carpenter* v. *Nutter,* 127 Cal. 61, 64 [59 Pac. 301], and cases cited.) When a judge of the superior court is present at the place designated for the transaction of judicial business, and there assumes to transact such business, his acts may be considered as the acts of the court of which he is judge, even though he be the only one present. (*Von Schmidt* v. *Widber,* 99 Cal. 511, 514 [34 Pac. 109].) But even this broad limitation was never intended to cover a case like the present one, in which the respondent essayed a judicial act while at his private residence, away from the courthouse, and not even in the presence of his clerk.

[3] Then, again, the respondent had no jurisdiction, either as judge or court, to make the order granting the motion for a new trial. The three months' period of limitation within which the court could determine the motion expired on Sunday, April 3d, and was not extended by the fact that the last day, and all of the Saturday preceding, from 12 o'clock noon until 12 o'clock midnight, were holidays, and a nonjudicial period. (*Bidwell* v. *Sonoma County Transp. Co.,* 39 Cal. App. 330, 333 [178 Pac. 722].) The superior courts cannot, on a legal holiday, transact any judicial business outside of the constitutional and statutory exceptions. (*In re Smith,* 152 Cal. 566, 572 [93 Pac. 191].) Consequently, it was incumbent upon the respondent to have determined the pending motion for a new trial in the court below before 12 o'clock noon of Saturday, April 2, 1921. Not having done so, the effect was a denial of the motion,

without further order of the court, by operation of the statute (Code Civ. Proc., sec. 660), which deprived the respondent of any further power in the matter. Its jurisdiction to determine the motion for a new trial was lost. Consequently in proceeding to take any steps looking to a retrial of the case of *Kahriman et al.* v. *Shepherd et al.* (No. 23,376), respondent is acting in excess of its jurisdiction. [4] Petitioners have no plain, speedy, or any remedy by appeal from the order granting the new trial, and are therefore entitled to the relief prayed for. (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 397 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121].)

Let a peremptory writ of prohibition issue in accordance with the views herein expressed.

Kerrigan, J., and Sturtevant, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 26, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.,* was acting.