[Civ. No. 551. Fourth Appellate District.—April 28, 1933.]

H. F. GARLAND, Respondent, v. E. W. SMITH, Appellant.

O. T. Gilbank and Kennith H. Burns for Appellant.

D. G. Wettlin for Respondent.

JENNINGS, J.—Plaintiff instituted this action to recover from defendant a balance of $591.21 alleged to be due for the performance of certain work provided for by the terms of a contract entered into between the parties and for the reasonable value of additional work performed by plaintiff which was not included in the contract. The defendant filed an answer containing a general denial of all allegations of the complaint and a cross-complaint whereby he sought to recover from plaintiff the sum of $315 on account of a promissory note in this amount executed by plaintiff to defendant as payee and an additional sum of $314.77 alleged to be due from plaintiff as an overpayment for work performed pursuant to the contract mentioned in the complaint and under a second contract which provided for the performance of similar work on another building. The plaintiff filed an answer generally and specifically denying the allegations of the cross-complaint.

The trial court before whom the action was pending ordered that it be referred to a designated referee who should try all issues both of law and of fact. In accordance with the order thus made the case was tried before the referee appointed by the court. Following the presentation of evidence the referee reported to the court the findings of fact made by him and his conclusions of law drawn from the findings. The court thereupon adopted the findings and conclusions of the referee and rendered judgment in conformity therewith decreeing that plaintiff have and recover from defendant the sum of $346.21 together with his costs incurred in the action. From the judgment thus rendered the defendant prosecutes this appeal.

The principal contention presented by appellant is that the findings of the referee are not supported by the evidence. A brief statement of the facts developed by the evidence will be conducive to a clearer understanding of the matters to be considered upon this appeal.

During the summer of 1927, appellant entered into a contract with the city board of education of the city of Santa Ana to make certain additions to two school buildings in the city of Santa Ana. Included in the work which was to be performed on said buildings was certain plastering work. Appellant thereupon on August 1, 1927, entered into two verbal contracts with respondent, a plastering contractor, for the performance of the plastering work on the two buildings. One of the contracts related to plastering to be done on the Edison school building and the other contract provided for similar work to be done on the arcades of the Santa Ana Polytechnic High School. The amount sought to be recovered by respondent was for a balance claimed to be due for work done on the high school building. The contract price stipulated for this work was $1186. The price fixed for the performance of the work on the Edison school building does not definitely appear. Appellant testified that it was $625. Respondent testified that it was $652 and that he performed work thereon in addition to that provided for in his contract, for an agreed price of $20, making a total of $672. The work which was agreed to be performed on the high school building consisted of the application of a brush coat to the arcades of the building and the preparation of the arcades for such brush coat by scouring and rubbing said arcades with carborundum stone. After the contract for the plastering work to be done on the arcades of the high school building had been made, the parties agreed to modify the contract to provide that respondent should apply a sand finish to the arcades in lieu of a brush coat and in addition that he should run molds and form caps and bases on said arcades. This was work which was different from the work provided in the original agreement and obviously entailed the expenditure of more time and the utilization of more material. The performance of this extra or additional work and the reasonable value therefor gave rise to the dispute between the parties which occasioned the bringing of the action.

The referee found that the reasonable value of this extra and additional work was $1337.98. When to this figure is added the sum of $1186, the original contract price, it is evident that the referee considered that the total amount due for the performance of the work on the high school building was $2,523.98. A specific finding was made that the total amount due from appellant to respondent for work done pursuant to both contracts was $3,148.98. The definite finding of the last-mentioned figure makes it evident that the referee accepted appellant's testimony that the agreed price for the work performed by respondent on the Edison school building was $625. Another finding was made that the sum of $1914.77 was paid by appellant to respondent on account of the contract and the additional work performed on the high school building and that a total amount of $2,802.77 was paid by appellant on both contracts including the additional work performed on the high school building.

It is earnestly contended that the referee's finding that the reasonable value of the extra work performed by respondent on the high school building amounted to $1337.98 is entirely lacking in evidentiary support. The evidence with respect to this feature of the controversy consisted principally of the testimony of the parties to the action. It was irreconcilably conflicting. While it does not appear how the referee arrived at the figure which he adopted as the reasonable value of the work the record shows that respondent testified that the reasonable value of the extra and additional work performed by him exceeded the amount found by the referee by more than $200. There was therefore evidence which would have supported a finding of a larger amount. It cannot be said, therefore, that the finding as to the reasonable value of the extra work on the high school building is entirely lacking in evidentiary support. Under these circumstances a reviewing court is not warranted in interfering with the finding. (*Schroder* v. *Aden Gold Min. Co.*, 144 Cal. 628, 630 [78 Pac. 20] ; *Ferro* v. *Lagomarsino*, 45 Cal. App. 741, 744 [188 Pac. 626].)

Similar objection is voiced to the referee's finding that the total amount paid by appellant for work on the high school building was $1914.77. The evidence with respect to this feature was also in direct conflict. Respondent testified

that he had received payments from appellant aggregating $1889.79. Appellant's testimony showed that he had made payments on account of both contracts and the additional work performed on the high school building which amounted to $2,802.77. Here, again, it cannot be discovered how the referee arrived at the amount which he found had been paid for the work performed on the high school building. It cannot, however, be said to be entirely lacking in evidentiary support and the appellant's objection to the finding may not be sustained.

Further complaint is made that the referee failed to make any finding with respect to interest and attorney's fees claimed to be due from respondent on account of the note for $315 executed by respondent on October 14, 1927, which note comprised one of the two items sought to be recovered by appellant's cross-complaint. The referee specifically found that at the time the note was executed the work being done by respondent on the high school building was in progress and the amount which would accrue to respondent on account of the contract and the extra work on said building was undetermined and that in consideration of the execution of the note appellant paid to respondent the sum of $263 and furnished no other or further consideration therefor. This finding was in exact conformity with respondent's testimony. The record shows that the item of $263 formed part of the total amount of $2,802.77 which the referee found was paid by appellant to respondent on account of both contracts and the additional work performed on the high school building. From the fact that the sum of $263 paid by appellant on the date of the execution of the note was thus allowed as a credit to appellant and from the further fact that the referee after allowing the aforesaid sum as a credit found a balance due to respondent on account of the extra work on the high school building, it is apparent that the referee accepted respondent's testimony with respect to the execution of the note, the effect of which was that the note was given by respondent purely as an accommodation to appellant. The allowance of the credit of $263, therefore, entirely eliminated any consideration for the execution of the note, and appellant, the payee, was not entitled to recover upon it from the maker, since want of consideration is a good and

valid defense by the maker of a promissory note in an action by the payee. (*Hunt* v. *Glassell,* 47 Cal. App. 774 [191 Pac. 373]; *Aimo* v. *Mitchell,* 124 Cal. App. 497 [12 Pac. (2d) 1059].) Obviously, the agreement to pay interest and attorney's fees included in the note is a part thereof. It is not an independent agreement. Want of consideration or proof of any facts which show that the payee is not entitled to recover from the maker is a valid defense not only to the contract to pay the principal amount of the note but also to the incidental agreement of the maker to pay interest on the principal amount. Attorney's fees provided for in a promissory note are in the nature of special damage under the contract. (*De Jarnatt* v. *Marquez,* 127 Cal. 558 [60 Pac. 45, 78 Am. St. Rep. 90]; *Dozier* v. *Hillman,* 105 Cal. App. 127 [287 Pac. 116].) If the purported contract represented by the note was in fact not a contract by reason of an entire lack of the necessary element of consideration, it follows that there could be no allowance of attorney's fees depending in the final analysis on the existence of a contract. From the facts found by the referee with respect to the execution of the note, it necessarily follows that the agreement to pay interest and attorney's fees fell with the denial of recovery to appellant on the note of which the aforesaid agreement formed a part.

It is a fundamental rule of construction that findings will be so construed as to uphold rather than to defeat the judgment and when, from facts found by the court other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court. (*Anglo California T. Co.* v. *Oakland Rys.,* 193 Cal. 451, 460 [225 Pac. 452]; *Randisi* v. *Simone,* 26 Cal. App. 661, 662 [147 Pac. 1176].) It is evident, in the light of the entire record, from the facts found by the referee, and from the judgment ordered by the court, that if more complete findings had been made they would have been adverse to appellant's contentions. This being the case the failure to find further is not a ground for reversal of the judgment. (*Hulen* v. *Stuart,* 191 Cal. 562, 572 [217 Pac. 750]; *Miller* v. *Ambassador Park Syndicate,* 121 Cal. App. 92 [9 Pac. (2d) 267].)

One further contention of appellant is entitled to consideration. It is urged that the court before whom the

action was pending erred in ordering that it be referred to a referee since the record fails to show that there was a stipulation of the parties that it should be so transferred. It is perhaps a sufficient answer to the contention thus presented to point out that the judgment from which this appeal is prosecuted recites that at the time the case was set for trial the respective parties to the action, through their counsel, stipulated and agreed in open court to a reference to a designated referee and that the court thereupon ordered a reference. In addition to this recitation the record also contains an order of the court correcting the clerk's minutes, which order is dated February 20, 1931, and directs that it be entered *nunc pro tunc* as of June 18, 1930. This order recites that it appears from an inspection of the records that the order originally made by the court on June 18, 1930, was so entered that it did not correctly set forth the order which was made and that the records should be corrected so that they would conform to the facts and speak the truth. It is then provided that the minutes of the court shall be corrected to read as follows: "25231. Garland *versus* Smith. It being stipulated and agreed by and between the attorneys for the respective parties herein, in open court, that this cause be referred to Carl Heim as referee as to the law and facts, the court orders that said cause be referred to Carl Heim, as referee, as to the law and facts."

It is fundamental that every court of record has the inherent power to cause its acts and proceedings to be correctly set forth in its records and that whenever it is brought to the attention of the court that the clerk's record does not correctly show the order which was in fact made by the court at the time it was given the authority of the court to cause its records to be corrected in accordance with the facts is undoubted. (*Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; *Peoples Ditch Co.* v. *Foothill Irr. Dist.,* 123 Cal. App. 257 [11 Pac. (2d) 86].)

By the provisions of section 638 of the Code of Civil Procedure, reference of an action of the character which is here under consideration may be ordered only "Upon the agreement of the parties filed with the clerk, or entered in the minutes." The validity of the order of reference depended, therefore, upon the existence of an agreement

evidenced in one of the two modes specified in the statute. Assuming, therefore, that the court's order of February 20, 1931, speaks the truth and that counsel for the respective parties agreed in open court on June 18, 1930, that the cause should be referred to a referee, it was clearly within the court's power to cause its records so to be corrected as to show that the order of reference was properly made. ■ An attack by appellant upon the order of reference as being invalid renders it necessary that he show that there was not in fact an agreement of the parties evidenced as required by the above-cited statute. This burden appellant has not sustained.

■ Furthermore, objection to a reference which has been ordered without consent is waived by a failure to take exception thereto. (*Hendy Machine Works* v. *Pacific C. C. Co.,* 99 Cal. 421 [33 Pac. 1084] ; *Shain* v. *Peterson,* 99 Cal. 486 [33 Pac. 1085] ; *Estate of Magerl,* 201 Cal. 162 [256 Pac. 204].) ■ Not only does the record herein fail to show that any exception was taken by appellant to the order of reference but it affirmatively appears therefrom that appellant appeared before the referee without objection and submitted evidence in support of the allegations of his answer and cross-complaint. Under these circumstances, appellant must be held to have waived all objections to the reference. (*Shain* v. *Peterson, supra; Bonner* v. *Lehfeldt,* 39 Cal. App. 649 [179 Pac. 722].)

For the reasons stated the judgment is affirmed.

Barnard, P. J., concurred.