[Civ. No. 22736.   Second Dist., Div. Three.   Aug. 11, 1958.]

EDWARD L. THOMPSON, Appellant, v. THE MUNICIPAL COURT OF SOUTH BAY JUDICIAL DISTRICT, Respondent; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Real Party in Interest.

Wolver & Wolver for Appellant.

No appearance for Respondent.

Samuel B. Stewart, Hugo A. Steinmeyer and Harris B. Taylor for Real Party in Interest.

NOURSE, J. pro tem.*—Appellant was the plaintiff in an action commenced by him against the Bank of America, National Trust and Savings Association, the real party in interest herein, in the Municipal Court of the South Bay Judicial District, sitting as a small claims court. The small claims court having rendered judgment in favor of defendant bank, appellant sought, in the Superior Court in and for the County of Los Angeles, and was granted, a writ of certiorari directed to the municipal court. The superior court having entered its judgment affirming the judgment of the municipal court, plaintiff now appeals from that judgment.

The facts are: The matter of plaintiff's claim being at issue the case was set down for trial at 1:30 p. m., December 18, 1956. At that hour the plaintiff and the representative of the defendant therein, Bank of America, were present. The judge of the court was not present. The clerk of the court advised the judge over the telephone that the parties were present and ready for trial and he advised the clerk that he would be unable to be present but to advise the litigants that if they agreed thereto the clerk would hear the evidence as a referee of the court and thereafter report to the judge thereon. The clerk did so advise the parties and thereupon proceeded to hear the testimony of the plaintiff and the representative of the defendant and upon the record of the court made a brief summary of that testimony and thereafter in the absence of the parties, the judge made the notation "Judgt for deft" and initialed this notation.

The judge was not present during any of the proceedings, did not take any evidence and no order was made in open court appointing the clerk as referee and no entry was made in the minutes or records of the court of such an appointment.

We are of the opinion that it was beyond the power of the municipal court to render the judgment against the plaintiff and that the superior court erred in affirming that judgment.

Assuming that the telephone conversation between the clerk

---

*Assigned by Chairman of Judicial Council.

and the judge was an attempt by the judge to make a general reference of the matter with the clerk as referee, it was an abortive attempt. ■ The power to order a reference is vested in the court, not in the judge, and the order is not one which may be made by the judge during his absence from the court. It is not an order that may be made in chambers under the provisions of section 166 of the Code of Civil Procedure. The telephonic order was therefore a nullity. (*Finkle* v. *Superior Court*, 71 Cal.App. 97 [234 P. 432]; *Shepherd* v. *Superior Court*, 54 Cal.App. 673 [202 P. 466]; *Carpenter* v. *Nutter*, 127 Cal. 61, 64 [59 P. 301].) ■ The order being an absolute nullity was ineffective for any purpose and the act of the plaintiff in giving his evidence before the clerk could not give it validity and could not constitute a waiver. (*Finkle* v. *Superior Court, supra, Shepherd* v. *Superior Court, supra.*)

The real party in interest relies upon *Garland* v. *Smith*, 131 Cal.App. 517 [21 P.2d 688] and *Shain* v. *Peterson*, 99 Cal. 486 [33 P. 1085]. Neither is controlling here. In each of them the order of reference had been made in open court but there was a question as to whether or not the parties had given their consent to the references pursuant to the provisions of section 638, Code of Civil Procedure. In each of them the parties evidenced their consent to the reference by trying the entire matter before the referee without raising any question as to the sufficiency of the order appointing him. The failure to secure the written consent of the parties or to enter their consent in the minutes was in each case a mere irregularity which could be waived and which the court in those cases held was waived. That is not the case here, for in the present matter there was not a mere irregularity; there **was no order.**

■ Respondents further assert that the judge of the municipal court was authorized to receive the evidence, through the medium of his clerk and without being personally present, under the provisions of section 117g, Code of Civil Procedure, which provides in part as follows: ''The plaintiff and defendant shall have the right to offer evidence in their behalf by witnesses appearing at such hearing, or at any other time. The judge or justice may also informally make any investigation of the controversy between the parties either in or out of court . . .''

We see no merit in this contention. The statute clearly contemplates a trial before the judge and receipt of evidence by the judge and the fact that he may himself make an

informal investigation of the controversy does not indicate that it was the intent of the Legislature that he, of his own motion, may delegate his authority to hear the evidence to someone else.

The judgment of the superior court is reversed and that court is directed to enter its judgment annulling the judgment of the municipal court.

Shinn, P. J., and Vallée, J., concurred.