[No. D004510. Fourth Dist., Div. One. June 13, 1986.]

AETNA LIFE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
MARY ELLEN HAMMER et al., Real Parties in Interest.

432

**COUNSEL**

Gibson, Dunn & Crutcher, J. Anthony Sinclitico III, Robert J. Irving, Jr., and Jon S. Brick for Petitioner.

No appearance for Respondent.

Shernoff & Levine, Harvey R. Levine and Carl J. De Pasquale for Real Parties in Interest.

---

**OPINION**

**BUTLER, J.**—Aetna Life Insurance Company (Aetna) seeks mandate review as authorized by Code of Civil Procedure[1] section 437c of a referee's decision granting partial summary adjudication in favor of the insured, Mary Ellen Hammer, on questions of coverage under a group health insurance policy. The superior court adopted the referee's findings of fact and conclusions of law without a hearing and ordered the findings and conclusions deemed established as a matter of law. We have concluded the reference was not authorized by statute and therefore the writ must issue ordering the partial summary adjudication be vacated.

I

Mrs. Hammer, both individually and as the executrix of the estate of her husband John E. Hammer, is the plaintiff in an action against Aetna for tortious breach of insurance contract. While Hammer and her husband were insured under Aetna's group health policy made available to employees of the County of San Diego, Mr. Hammer received treatment at a facility in the Bahamas known as the Immunology Researching Centre for his disease of spindle cell malignant melanoma. The treatment was known as "immuno-augmentative therapy" (IAT). Mr. Hammer has since died. Aetna refused to pay the expenses of the IAT treatment, taking the position the policy covered only "NECESSARY" medical treatment, defined as treatment which is broadly accepted by the medical profession as essential to treat the disease. All parties are here agreed the IAT treatment is not broadly accepted anywhere, and indeed the facility has since been closed, apparently because AIDS virus was detected in the treatment serum.

The superior court made an order assigning all law and motion summary judgment proceedings in the matter to a referee, Louis A. Tepper, Esq., for hearing and determination. The order purported to be by authority of section

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

639, subdivision (d). Further, the order specified the referee was a "special" referee.[2]

After the court made the above reference order, Mrs. Hammer moved for partial summary adjudication of coverage issues, and Aetna cross-moved for summary judgment in its favor or alternatively for partial summary adjudication. Tepper heard these motions and concluded the policy was ambiguous and did not validly exclude coverage for the IAT treatment. He prepared a written report memorializing his findings of fact and conclusions of law. Counsel for Aetna submitted a letter to the court requesting that it treat Tepper's findings as merely advisory and that it reject the findings; counsel also appeared before a judge requesting a hearing on the referee's report. The court denied a hearing and made an order accepting the referee's report. The court order recites that the summary judgment motions were

---

[2]The order in full reads as follows:

"SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| "HAMMER, MARYELLEN Plaintiff(s), vs. AETNA LIFE INSURANCE CO. Defendant(s). | No. 507477 ORDER FOR ASSIGNMENT OF ALL LAW AND MOTION AND SUMMARY JUDGMENT PROCEEDINGS UNDER C.C.P. SECTION 639 (d) |

"The court, having determined that it is necessary to appoint a referee to hear and determine all law and motion and summary judgment matters, and
"Good cause appearing therefor:
"IT IS HEREBY ORDERED THAT Louis A. Tepper, Esq., a panel member of ALTERNATIVES TO LITIGATION, whose address is 401 West A Street, Fourteenth Floor, San Diego, CA 92101 (telephone: 236-1848), is hereby appointed as special referee in this action to hear and determine all law and motion and summary judgment matters in the above action and to report findings to the court and make recommendations thereon.
"The said referee shall have the following powers:
"1. To set the date, time, and place for said motion(s) and to continue the hearings to such additional dates and times as may be required.
"2. Said referee is ordered to report findings and make recommendations to the court within ten (10) days following the determination of each motion.
"A fee shall be paid to said referee for the services rendered. A fee of $____, or such other amount as may be designated by the referee, shall be paid by the parties as a retainer before each hearing and the parties will pay the balance of any fee within five (5) days after receipt of a statement from such referee stating the number of hours spent. The fee is fixed at $150.00 per hour for each hour spent on such business. Said fee shall be paid by the parties jointly in equal amounts unless they otherwise agree.
"The court reserves jurisdiction to allow said fees to the referee as costs of suit to the prevailing party in this action and to make such other and further orders with respect to this reference as may be just and proper.
"Dated: 9/13/85
"        MICHAEL I. GREER
"JUDGE OF THE SUPERIOR COURT"

heard before the referee and he submitted his report, recommending findings of fact and conclusions of law, which the court order recites. The court orders these findings and conclusions of law are without substantial controversy and "shall be deemed established." Aetna's petition for mandate challenges this order.

## II

Aetna's petition for review here argues the insurance policy is not ambiguous and plainly excludes coverage for treatment admittedly not broadly authorized in the medical community. Because we perceived a jurisdictional problem, we asked the parties specially to brief the issue of the validity of the reference. ■ We have concluded the referee had no authority to decide these motions and his decision must be annulled.

■ The reference purported to be by authority of section 639, subdivision (d), which authorizes a reference without the parties' consent "[w]hen it is necessary for the information of the court in a special proceeding." Clearly, as both parties admit, this statute does not apply to law and motion proceedings in an ordinary civil action, as we have here. (See § 22; cf. § 23; see generally, 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 13.)

■ Section 638 of the Code of Civil Procedure broadly authorizes consensual references "[t]o try any or all of the issues in an action or proceeding, . . ." However, the statute calls for "the agreement of the parties filed with the clerk, or judge, or entered in the minutes . . ." or alternatively requires there be a written contract or lease with specific authorization for a reference of disputes under the agreement. Here, although the parties apparently did not object to the reference, they did not agree to it in writing and therefore did not meet the statutory conditions.

■ The superior court has no power to assign matters to a referee for decision without explicit statutory authorization. (*In re Marriage of Galis* (1983) 149 Cal.App.3d 147, 150 [196 Cal.Rptr. 659]; *Bird* v. *Superior Court* (1980) 112 Cal.App.3d 595, 599 [169 Cal.Rptr. 530]; see generally, 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 48.)

■ Particularly, the court has no power to make an unconsented-to general reference, which conclusively decides all or part of a matter, because not only is such a general reference not authorized except by explicit agreement of the parties (§ 638, *supra*), but also, the California Constitution prevents delegation of judicial power except for the performance of "subordinate judicial duties." (Cal. Const., art. VI, § 22; see *In re Perrone C.* (1979) 26 Cal.3d 49 [160 Cal.Rptr. 704, 603 P.2d 1300]; *In re Edgar M.*

(1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406].) Deciding a major legal issue in a case, which probably will determine liability, is not a subordinate judicial duty. ■ The Supreme Court said in *In re Edgar M.* a referee can make a binding determination only in a consensual general reference. (*In re Edgar M., supra,* at p. 734; see §§ 638, 644; *Estate of Hart* (1938) 11 Cal.2d 89, 91 [77 P.2d 1082].)

The statutes carefully preserve the distinction of special and general reference to comply with the constitutional mandate; a general reference has binding effect, but must be consensual, whereas a special reference may be ordered without consent but is merely advisory, not binding on the superior court. (See §§ 644, 645; *Estate of Bassi* (1965) 234 Cal.App.2d 529, 536-537 [44 Cal.Rptr. 541]; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, §§ 50, 51.)

■ Here, the reference order purported to be a special reference, under section 639, subdivision (d); it even referred to the referee as "special." (See fn. 2, *supra.*) Yet, the superior court treated the referee's findings and conclusions of law as binding and determinative of the issue. No rehearing procedure was provided and there is no evidence the superior court judge who made the final order ever considered the matter himself, independently of the referee's decision. He simply entered judgment on the referee's report as though it were a binding decision of the court itself. Yet, as we have stated, the reference was not a consensual general reference, the record being wholly lacking in any evidence of a written agreement of the parties to such a binding general reference. We view this action as an abdication of judicial responsibility not authorized by law and contravening the constitutional restrictions upon the exercise of judicial power.

■ Some cases suggest failure to object to an erroneous reference waives the error. (*Shain* v. *Peterson* (1893) 99 Cal. 486, 487 [33 P. 1085]; *Garland* v. *Smith* (1933) 131 Cal.App. 517, 525 [21 P.2d 688].) Here, however, although Aetna may not have objected to the referee hearing the law and motion matter in the capacity of a special referee, it did most emphatically object to the court's treating the reference as general and the referee's findings as binding. Also, there is authority that the record must contain some indication of a reference order in accordance with statutory requirements, otherwise nonwaivable jurisdictional error results. (See *Thompson* v. *Municipal Court* (1958) 162 Cal.App.2d 676, 678 [328 P.2d 514] [telephonic order].)

### III

■ Hammer urges us to treat Aetna's voluntary participation in the reference hearing as a waiver of the legal infirmity, saying (1) the reference

consumed much time and money; (2) the referee is a panelist in an organization known as Alternatives to Litigation, which has saved much time and money in civil litigation in San Diego County, and our invalidation of the reference here might chill the actions of that organization in helping to alleviate local congestion in the trial courts.

While Alternatives to Litigation enjoys increasing public acceptance, the superior court may not delegate its constitutionally conferred judicial power except strictly in accordance with legal requirements. The admittedly desirable goal of reducing the burden of the backlog of cases in the trial courts does not compel ratification of an illegal reference. Efficiency is not more important than preserving the constitutional integrity of the judicial process.

Moreover, we do not perceive a compelling public policy to validate the reference procedure used by the court. Commentators have expressed some reservations about California's practice of permitting litigants to hire private judges. (See Note (1981) 94 Harv.L.Rev. 1592, 1612-1614, and authorities therein cited at notes 109-114, particularly Landes & Posner, *Legal Precedent: A Theoretical and Empirical Analysis* (1976) 19 J. L. & Econ. 249; cf. Comment, *Private Means to Public Ends: Implications of the Private Judging Phenomenon in California* (1984) 17 U.C. Davis L.Rev. 611.) One commentator has noted that extensive use of private references may impair the intellectual development of common law precedent: "Referee trials, however, graft the private aspects of arbitration onto the public aspects of judicial proceedings. A referee's decision has all the authority of a judicial determination but is made within the private context normally associated with arbitration. Lacking the judge's ultimate responsibility to the public, the referee is interested only in solving the problem before him in order to maximize the satisfaction of the litigants who hired him. Whereas rule-making has to be a dynamic and forward-looking part of the ongoing creation of substantive law for the guidance of society, problem solving is entirely static. A problem-solving approach to litigation involves an application of the existing rules but does not contribute to the advance of legal doctrine. Any significant shift of litigation to reference trials would adversely affect society as cases that would have been part of an important development in the law are decided through a mechanical application of principles that may not reflect current legal developments." (94 Harv.L.Rev. 1592, 1612, fns. omitted.) We mention these considerations not in derogation of alternatives to litigation, but simply to show the practice is not without its problems. Accordingly, no public policy compels us to strain to validate what was in fact an invalid procedure.

We conclude the writ must issue vacating the partial summary adjudication here.

Further briefing or argument is unnecessary to determine the issue. A peremptory writ of mandate is proper (§ 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]).

Let a writ of mandate issue, by authority of section 437c, directing the superior court to vacate the partial summary adjudication in favor of real parties and to take further proceedings in accordance with the views we have here expressed.

Kremer, P. J., and Work, J., concurred.