[No. G009014. Fourth Dist., Div. Three. Jan. 17, 1991.]

SANDRA L. STRATTON, Plaintiff and Respondent, v.
JAMES W. STRATTON, Defendant and Appellant.

## COUNSEL

James W. Stratton, in pro. per., for Defendant and Appellant.

Michael R. Capizzi, District Attorney, Maurice L. Evans, Assistant District Attorney, David L. Himelson and Lorri Valero, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**SONENSHINE, Acting P. J.**—James W. Stratton appeals a child support judgment, claiming Code of Civil Procedure section 640.1, subdivision (c) violates article VI, section 21 of the California Constitution. We disagree and affirm.[1]

---

[1] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

## I.

After a Revised Uniform Reciprocal Enforcement of Support Act petition[2] was served on Stratton, the matter proceeded to a contested hearing. Despite Stratton's demand that the matter be heard by a superior court judge, a commissioner determined he was empowered to hear the matter and recommended child support be set at $151.66 per month. Stratton was told a superior court judge would be reviewing the recommendation. The judge, after a noticed hearing, approved the commissioner's recommendation and ordered child support to be set at $151.66 per month.

## II.

■  Section 640.1 allows district attorney applications for the establishment and enforcement of child support orders to be referred for hearing to a commissioner who shall take testimony, establish a record, evaluate evidence, and make recommendations. A review hearing is then held before a superior court judge, who shall independently review the record of the original hearing, consider any supplemental papers, and hear any oral objections. The judge may rehear the matter, adopt the recommended order, or modify it.[3]

---

[2] California's version of the uniform act is found at section 1650 et seq.

[3] Section 640.1 provides:

"(a) To the extent required by federal law, all applications filed by the district attorney for an order to establish or enforce child support, except paternity cases or those cases involving complex issues, as defined in subdivision (a) of Section 11475.1 of the Welfare and Institutions Code, shall be referred for hearing to a commissioner or a referee, unless the district attorney of that particular county has applied for, and received, an exemption from this requirement from the State Department of Social Services.

"Paternity cases and cases involving complex issues, as defined in subdivision (a) of Section 11475.1 of the Welfare and Institutions Code, may be referred to and heard by a commissioner or a referee, if deemed appropriate by the commissioner or referee. If the case is heard by a commissioner or referee, the time limits specified in subdivision (a) of Section 11475.1 of the Welfare and Institutions Code do not apply.

"In counties which operate an expedited process, commissioners and referees shall order a temporary support obligation under the expedited process in complex cases, as defined in subdivision (a) of Section 11475.1 of the Welfare and Institutions Code, prior to referring those cases to the full judicial system.

"All applications to be heard by a commissioner or referee shall be made returnable on an order to show cause within 30 days after service thereof or heard on a noticed motion within 30 days after service of notice. The matter shall not be heard earlier than 10 days after service of the order to show cause or notice of motion and supporting papers. The hearing shall not be continued to a date more than 10 days after the date originally set for hearing.

"Nothing in this section prohibits persons other than the district attorney from bringing an action under this section, if permitted by that particular county. However, actions brought by the district attorney shall have priority over actions brought by other persons.

"(b) At the hearing, the commissioner or referee shall, where appropriate, do all of the following:

Relying on California Constitution, article VI, section 21, Stratton argues section 640.1 is unconstitutional.[4] He maintains the Constitution allows a determination to be made by a commissioner only when the parties so stipulate. Because Stratton refused to do so, all orders emanating from the hearing are void. He argues that statutory authority to the contrary is irrelevant because the Legislature cannot validate what the Constitution prohibits.

Our Constitution prevents delegation of judicial power.[5] But, as explained in *Aetna Life Ins. Co.* v. *Superior Court, supra,* 182 Cal.App.3d 431, 436, there is a distinction between special and general references. A general reference to a commissioner has a binding effect and must be consensual.

---

"(1) Take testimony.

"(2) Establish a record, evaluate evidence, and make recommendations or decisions.

"(3) Accept voluntary acknowledgments of support liability and parentage and stipulated agreements respecting the amount of child support to be paid.

"(4) Enter default orders where authorized pursuant to Section 639.5.

"(c) Except where a default or stipulated order has been entered by a commissioner or a referee, a recommended order shall be filed by the commissioner or referee within seven court days after the hearing concludes. The clerk shall mail an endorsed copy first class, postage prepaid, to all parties by the close of the business day on which the order is filed, together with a notice of a review hearing before a judge of the superior court, stating the date any party may appear and object to the recommended order. As an alternative to mailing the copy of the order and the notice to the parties, the clerk may personally serve the copy of the order and the notice at the time of the hearing. The clerk shall also provide a written notice of that hearing to all persons appearing at the hearing before the commissioner or referee. The hearing in superior court shall take place no less than 15 days nor later than 20 days following the mailing of the recommended order to all parties. The hearing before the superior court shall not be continued to a date more than 10 days after the date originally set for hearing. Section 1013 does not apply to these time limits.

"(d) Except as provided in subdivision (e), on the appointed hearing date, the superior court shall independently review the record of the original hearing, any supplemental papers filed, hear any oral objections and responses thereto, and either adopt the recommended order or modify it on such terms as the interests of justice require.

"(e) Notwithstanding subdivision (d), on its own motion, the superior court may rehear *the matter. Any rehearing determined necessary by the court shall be heard within 10 days of* the date of the hearing required by subdivision (d). At the conclusion of the hearing, the superior court shall either adopt the recommended order or modify it on such terms as the interests of justice require.

"(f) If no objection to the recommended order is presented to the court on the date specified in subdivision (c), the court shall adopt the recommended order, unless it modifies it on its own motion, consistent with the interests of justice, as described in subdivision (e)."

[4] Article VI, section 21 of the California Constitution provides: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."

[5] The People rely on article VI, section 22 of the California Constitution which allows for the appointment of commissioners to perform subordinate judicial duties. We cannot find the *determination* of child support is a subordinate judicial duty. "Deciding [the only issue] in a case . . . is not a subordinate judicial duty." (*Aetna Life Ins. Co.* v. *Superior Court* (1986) 182 Cal.App.3d 431, 436 [227 Cal.Rptr. 460].)

"[A] special reference may be ordered without consent but is merely advisory, not binding on the superior court." (*Ibid.*)

Section 640.1 survives constitutional scrutiny because it is a special reference. A hearing procedure is statutorily provided, and the trial judge is mandated to independently review the referee's decision and to rehear the matter if necessary.[6] An adequate record exists which permits meaningful trial court review. Although recommendations are made by the commissioner, the final determination is made by the court. In short, the parties are afforded an opportunity to have their matter determined by a constitutionally sanctioned judicial officer.

Judgment affirmed. Each party shall bear its own costs.

Crosby, J., and Moore, J., concurred.

---

[6] A review of section 640.1's legislative history indicates there was no expressed opposition. The section's author intended it to "implement federal mandates by expediting the process for child support cases through more utilization of court commissioners and referees." (See Hearing on Assem. Bill No. 3974, before the Assem. Com. on Judiciary (May 20, 1986) p. 2.)

Its sponsor, the State Department of Social Services, "indicate[d] the purpose of this bill is to make California child support procedure statutes consistent with the Federal Child Support Enforcement Amendments of 1984 (P.L. 98-378, effective October 1, 1985). The new federal law explicitly mandates that each state expedite the establishment and enforcement of child support orders prosecuted by district attorneys to assure the entry of orders are within specified time periods." (See Local Cost Estimate of Assem. Bill No. 3974, Dept. of Fin., approved June 17, 1986.)