[Civ. Nos. 24480, 24481. Second Dist., Div. One. Jan. 18, 1961.]

IDA LEWIS, Respondent, v. WILLIAM H. NEBLETT, as Administrator, etc., Appellant.

(Two Cases.)

William H. Neblett, in pro. per., E. W. Miller and Raymond R. Farrell for Appellant.

No appearance for Respondent.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, as Amici Curiae on behalf of Respondent.

WOOD, P. J.—The two appeals herein are taken by the administrator—one appeal is from an order restraining him from disposing of certain money held by him in a bank account under the name of "Wm. H. Neblett, Trust Account"; and the other appeal is from an order directing him to pay a judgment from that amount.

Plaintiff Ida Lewis commenced an action in 1949 against Bessie Sellers, as administratrix of the estate of Eddie Will Sellers, deceased, wherein she sought judgment that the administratrix was holding certain real property in trust for the benefit of plaintiff. The plaintiff also prayed therein for such

292

other and further relief as the court deems just. In 1954 the administratrix was removed by order of the court, and one Aides was appointed administrator. In April 1955, William H. Neblett succeeded Aides as administrator. At the trial of said action in May 1955, evidence was introduced as to the amounts received by the administrators as income from the real property, and as to the amounts received by the administrators as expenses in connection with the property. The court therein made findings relative to the transactions between plaintiff and Eddie Will Sellers in connection with the purchase of the real property, and also found that the net balance of income from the property (over expenses) was $2,993.76. The judgment therein was that the administrator held the real property in trust for plaintiff Ida Lewis and that the administrator should convey the real property to her, and that the plaintiff should recover $2,993.76 from the administrator. The administrator appealed from the judgment. On that appeal the judgment was affirmed in May 1957. (*Lewis* v. *Neblett*, 48 Cal.2d 564 [311 P.2d 489].) In July 1957, the administrator made and delivered to plaintiff a quitclaim deed covering the real property involved in said action.

After the remittitur of the Supreme Court was filed, counsel for plaintiff made a written declaration in support of an application for an order requiring the appearance of the administrator, as a judgment debtor, upon supplementary proceedings. The declaration stated that on July 20, 1955, judgment in said action was rendered in favor of plaintiff against defendant administrator, decreeing that defendant held legal title to said property in trust for plaintiff and awarding judgment in favor of plaintiff for $2,993.76 upon an accounting representing rents collected by the administrator upon said real property subsequent to the death of decedent, and further awarding $53.95 as costs; that the administrator appealed from the judgment, and the judgment was affirmed by the Supreme Court; that plaintiff filed her memorandum of costs on appeal in the amount of $355.39; the administrator "conveyed said legal title of said property" to plaintiff by quitclaim deed on July 15, 1957; that on March 25, 1959, the superior court confirmed the sale of a parcel of real property (property on Kohler Street) in the matter of the estate for $4,500; that the estate has or will have in excess of $4,000, and Ida Lewis (plaintiff) seeks satisfaction of her said judgment of $2,993.76 as principal, $803.28 as interest, and $409.34 as costs, or a total of $4,206.38.

On April 6, 1959, counsel for plaintiff also made and filed an affidavit to the effect that judgment was entered on July 22, 1955, for plaintiff against defendant William H. Neblett, as said administrator, for $3,047.71 and said judgment remains unsatisfied; there has been no previous examination of the judgment debtor.

On April 6, 1959, Commissioner Rodda of the Superior Court of Los Angeles County signed an order that William H. Neblett, as said administrator of said estate, the judgment debtor, appear in Department 3 in the courthouse on April 14, 1959, at 9 a. m., and answer concerning his property before Betty Jo Sheldon who is appointed referee to conduct such examination. The hearing was continued until June 12, 1959, and on said date the administrator appeared and testified that the real property located on Kohler Street was sold by the administrator for $4,500, and that after deducting certain expenses of the sale approximately $4,000 was received by the administrator and that said amount was on deposit in the Bank of America in the account of ''Wm. H. Neblett, Trustee.'' At said hearing the referee stated that the administrator is restrained from disposing of the estate funds, in the trust account, for a period of 60 days. On June 24, 1959, a written order was made that William H. Neblett, as administrator of said estate, is restrained from June 12, 1959, until August 11, 1959, from transferring or disposing of any funds or assets in his custody as said administrator, and particularly the funds of the estate in his custody in the Bank of America in the trust account of William H. Neblett. That order was signed ''Betty Jo Sheldon Judge pro tem.'' (The administrator has appealed from that order.)

On July 15, 1959, counsel for plaintiff made another written declaration in support of an order requiring the appearance of the administrator pursuant to section 715 of the Code of Civil Procedure. The declaration stated that an execution had been returned unsatisfied; the judgment remained unpaid; the judgment debtor had been previously examined (on supplementary proceedings) on June 12, 1959, in the superior court, and at that time he testified that funds of said judgment debtor in the amount of approximately $4,121 were on deposit in the Bank of America, Seventh and Olive Streets branch, in an account in the name of ''Wm. H. Neblett, Trustee''; and the judgment debtor unjustly refuses to apply said funds toward the satisfaction of the judgment.

On said July 15 Commissioner Gorman of the Superior Court of Los Angeles County signed an order that said administrator, the judgment debtor, appear in Department 3 of said court on July 24, 1959, at 9 a. m., and answer concerning his property before Betty Jo Sheldon who is appointed referee · in said matter. The order was served on the administrator but he did not appear at the stated time, and a bench warrant was issued by the presiding judge of the court. In the afternoon of that day (July 24) and pursuant to the warrant, the administrator was present in court where the referee was presiding. Counsel for plaintiff then made a statement to the effect: that the judgment debtor had testified on a previous examination to the effect that at least $4,000 was in his possession; that thereafter executions had been issued and returned unsatisfied; that evidence was already before the court that the funds were in existence; that the purpose of the present proceeding was to seek an order, under section 715 of the Code of Civil Procedure, requiring the judgment debtor (administrator) to pay the judgment from the funds in the judgment debtor's trustee account. The administrator said that he was there on a contempt charge. The referee said that it was not a contempt charge, but he was there on a bench warrant for forthwith examination in supplementary proceedings by reason of having failed to appear at the morning session. The administrator said he was under restraint. The referee said that the bench warrant would be recalled and that the supplementary examination would proceed. The referee asked the administrator if he objected to proceeding with the supplementary examination. He replied in the affirmative. The referee said, ''Then the bench warrant will not be recalled.'' Counsel for plaintiff then testified that the previous examination of the judgment debtor was on June 12, 1959; thereafter counsel for plaintiff caused two writs of execution to be issued by the clerk of the court; he (witness) delivered the writs to the sheriff with instructions to levy upon the account of William H. Neblett, Trustee, at the Bank of America, Seventh and Olive Streets, Los Angeles; thereafter he (witness) received notification that the ''garnishee'' answered, ''Nothing to report''; then he notified the sheriff to return the writs to the court. The reporter's transcript of the previous examination was received in evidence. The administrator said that he had no objection to the offer of the transcript in evidence. The administrator did not testify. Thereupon counsel for plaintiff made a motion for an order requiring the judgment

debtor to apply the fund in satisfaction of the judgment. The administrator (debtor) objected thereto on the following grounds: He was under restraint; the order issued by Commissioner Gorman was void on its face; there is no theory upon which he, William H. Neblett, could be called upon to answer as to a judgment rendered against him as an administrator; a judgment against an administrator cannot be collected except through the probate court; the executions are void because they cannot be enforced against the estate; the court, sitting in the exercise of its jurisdiction in supplementary proceedings, does not have jurisdiction to take money from the probate court; the administrator has appealed from the restraining order made on June 24 and that appeal is pending. The administrator said that, for those reasons, he declined to testify.

The referee said that the funds on deposit were not assets of the estate, but were assets belonging to plaintiff and that the administrator was holding them as trustee, and that is the reason the said court had jurisdiction and the probate court did not have jurisdiction. Thereupon, the referee said that it is the order of the court that pursuant to sections 714 and 719 of the Code of Civil Procedure the judgment debtor is ordered to apply forthwith those funds held by him, in his trustee account, as administrator of the estate to the extent of $4,296.68. The referee said that the restraining order should remain in effect until this order is complied with.

On August 7, 1959, an order was made which provided: It appearing from proceedings had on July 24, 1959, that execution has been issued in the within action and has been returned unsatisfied, and that the judgment debtor, William H. Neblett, as such administrator, has in his possession or control $4,150 in the Bank of America, Seventh and Olive Streets branch, in an account entitled "Wm. H. Neblett, Trustee," it is ordered as follows: (1) that said administrator, judgment debtor herein, forthwith deliver over to the sheriff of Los Angeles County the above described property, to wit: $4,150, to be applied toward the satisfaction of the judgment in this action; (2) that said administrator is hereby restrained and forbidden, until the above order is complied with by him, from disposing of any funds now in his custody or control as such administrator and particularly funds so held by him, as such administrator, located in the Bank of America, Seventh and Olive Streets branch, Los Angeles, deposited in an account entitled

"Wm. H. Neblett, Trustee." That order was signed "Sheldon Court Commissioner of Los Angeles County." (The administrator has appealed from that order.)

Appellant contends as follows: (1) That the orders of Commissioners Rodda and Gorman, appointing Commissioner Betty Jo Sheldon as referee and directing the administrator to appear before the referee and answer concerning his property, are void because the commissioners did not have authority to make the orders. (2) The restraining order of June 24, 1959, made by Commissioner Sheldon is void because that order was made by her allegedly as judge pro tempore and there was no stipulation or any appointment for her to act as a judge pro tempore. (3) The order of August 7, 1959, made by Commissioner Sheldon, ordering delivery of money to the sheriff and restraining the administrator from otherwise disposing of the trust fund, is void because such an order was within the exclusive province of a judge of the court. (4) The judgment for $2,993.76, which is the foundation for said orders appealed from, is void because no claim therefor was filed in the estate as required by section 730 of the Probate Code. (5) The judgment for $2,993.76 is not binding on the widow or heirs at law of the deceased because none of them is a party to that action. (6) Said judgment for said amount is void since plaintiff's claim appears, on the face of the record, to have been barred by sections 339 and 343 of the Code of Civil Procedure and by sections 707 and 708 of the Probate Code. (7) Plaintiff cannot maintain the proceedings under sections 714 and 715 of the Code of Civil Procedure since no claim was filed by her against the estate. (8) The civil branch of the court has no jurisdiction to interfere with the disposition of the assets of an estate in probate.

The orders of Superior Court Commissioners Rodda and Gorman appointing the referee, and requiring the appearance of the judgment debtor, were valid orders. It is true that sections 714 and 715 of the Code of Civil Procedure state that a judge may order a judgment debtor to appear before a judge or referee on supplementary proceedings. Those sections, however, are to be considered in connection with section 259a of the Code of Civil Procedure which relates to the duties and powers of court commissioners in counties of 900,000 or more population. Said section 259a (which applies to Los Angeles County) provides: "Subject to the supervision of the court, every court commissioner . . . shall . . . have power: 1. To hear and determine ex parte motions, for orders and

alternative writs and writs of habeas corpus in the superior court of the county . . . for which he is appointed.'' There is no provision in said section 714 or section 715 requiring notice before the issuance of an order for the appearance of a judgment debtor. Such an order may be made ex parte. (See 19 Cal.Jur.2d, § 232, p. 692.) In *Estate of Roberts,* 49 Cal.App.2d 71 [120 P.2d 933], there was a question (p. 76) as to whether a court commissioner had power to make an order approving a probate claim. It was said therein (p. 75) that cases have referred to ''the act of a judge in allowing a claim as an order, and even as an *ex parte order.*'' Also it was said in that case (p. 76): ''The Probate Code vests this power [approving a claim] only in a judge, but its provisions must be considered in connection with other laws conferring power on court commissioners, all of which are manifestly intended to empower them to do acts which, but for such laws, would and could be done only by a judge or other officer authorized to do those acts by the various laws providing therefor.'' The orders of Commissioners Rodda and Gorman, appointing the referee and requiring the appearance of the judgment debtor, were based upon affidavits of counsel for plaintiff and were made upon ex parte motions. As shown above, said section 259a provides that a court commissioner of Los Angeles County has the power to determine ex parte motions for orders.

 With reference to the restraining order of June 24 which was signed ''Betty Jo Sheldon Judge pro tem,'' appellant argues that the order was void because there was no stipulation or appointment for her to act as judge pro tempore. As above shown, she was properly appointed referee to conduct the examination on supplementary proceedings. No objection was made at the hearing on June 12 or at all that she was not properly appointed or empowered to act as a referee or to act in any other capacity. Section 719 of the Code of Civil Procedure provides: ''The judge or referee may order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment.'' Since a referee is specifically empowered under said section 719 to order property applied toward satisfaction of a judgment, it is implicit therein that a referee is empowered to restrain a transfer or other disposition of property in order to accomplish the purposes of supplementary proceedings. It is also to be noted that section 720 of the Code of Civil Procedure provides that ''. . . the judge or referee may,

by order, forbid a transfer or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment." As above stated, the order of appointment (made on April 6) designates her as referee. Also minute orders of April 14, May 12, and June 12 (when the first hearing was had) refer to her as referee. (It does appear that the minute order of May 13 refers to her as a pro tem. judge.) The words "Judge pro tem" which appear below her signature on the restraining order of June 24 do not nullify the order which she as a referee was empowered to make.

With reference to the order of August 7 ordering delivery of money to the sheriff, which order was signed "Sheldon Court Commissioner of Los Angeles County," appellant argues that the making of such an order was within the exclusive province of a judge. As above shown, section 719 of the Code of Civil Procedure specifically provides that a referee may order property of a judgment debtor applied toward the satisfaction of the judgment. Such an order was not within the exclusive province of a judge. Commissioner Sheldon was properly appointed referee on July 15, and the judgment debtor was properly ordered on said day to appear before her as such referee and answer concerning his property. The minute order of July 24 designates her as referee. The words "Court Commissioner" which appear below her signature are not determinative of the capacity in which she was acting. Those words did not nullify the order which she as a referee was empowered to make.

Appellant asserts further, as above stated, that the judgment for $2,993.76 which is the foundation for said orders is void because no claim was filed in the estate as required by section 730 of the Probate Code. That section refers to a judgment "rendered against an executor or administrator, upon any claim for money, against the estate of his testator or intestate." The judgment for that amount was not rendered upon a creditor's claim for money against the estate. The action in which that judgment was rendered was an action to establish that the administratrix (who preceded the present administrator) was holding certain real property in trust for the benefit of plaintiff Ida Lewis. The court rendered judgment therein that the real property was being held in trust for the plaintiff, and also rendered judgment that plaintiff should recover said amount, $2,993.76, from the administrator. The prayer of the complaint in that action included a prayer for general relief in addition to the prayer for judgment

establishing a trust in the real property. It appears that the action was tried on the theory that the amount of income received by the administrators from the trust property was an issue. Evidence was introduced as to the amounts received as income and the amounts paid as expenses. The court found that the net balance of income in excess of expenses was said amount, $2,993.76. It was an equity action to establish a trust and the court was justified in determining the question as to equity up to and including the time of trial. Said amount accrued during administration and it was not an amount that was owing by the decedent Sellers at the time of his death. In other words, that amount would not be a proper basis for a creditor's claim. It was not necessary to present a creditor's claim with respect to the income received by the various administrators from the trust property. The trust property and the income received therefrom by the various administrators were not a part of the estate. The judgment for said amount was not void.

The other contentions of appellant with respect to plaintiff's claim being barred by sections of the Probate Code and Code of Civil Procedure are not sustainable. As above stated, it was not necessary for plaintiff to present a creditor's claim.

Appellant contends further that the civil branch of the court has no jurisdiction to interfere with the disposition of assets of an estate in probate. As above stated, the real property and the income therefrom were not a part of the assets of an estate in probate.

The order of June 2‡, 1959 (Case No. 24481), is affirmed. The order of August 7, 1959 (Case No. 24480), is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 15, 1961.