Opinion
KOPP, J.
This appeal involves a legal issue of first impression and continuing public interest in the field of civil procedure. Appellant, a licensed collection agency, sued respondents for $2,234.67 on an account owed its assignor, J. Sosnick & Sons. After respondents defaulted, appellant obtained a “Judgment By Default By Clerk” against respondents in the total amount of $2,998.09, including principal, interest, attorney fees and costs of action. Appellant then filed a motion for an award of postjudgment attorney fees, claiming entitlement thereto under Code of Civil Procedure section 685.040.[1] The court below denied such motion without analysis. Appellant appeals the denial, contending correctly that the applicable standard on a question of law is independent review. (Estate of Coate (1979) 98 Cal.App.3d 982, 986 [159 Cal.Rptr. 794].)
Prior to the 1992 amendment of section 685.040, if a trial court judgment included an award of attorney fees, postjudgment attorney fees were not recoverable. (Imperial Bank v. Pim Electric (1995) 33 Cal.App.4th 540, 557, fn. 13 [39 Cal.Rptr.2d 432].) In 1992, section 685.040 was *Supp. 8 amended to allow attorney fees incurred to enforce a judgment as collectible costs if the underlying judgment includes an attorney fee award pursuant to section 1033.5, subdivision (a)(10). Appellant argues that because the judgment below included prejudgment attorney fees, it is entitled, as a matter of right, to reimbursement of postjudgment attorney fees.
Section 585, subdivision (a) and California Rules of Court, rule 388(b) permit a trial court to award attorney fees on default judgments, using a fee schedule promulgated by the court. Rule 6.1.1 of the local court rules of the court below contains such a fee schedule. It establishes attorney fees in the amount of $300 or 20 percent of the judgment, whichever is higher, on judgments of $5,000 or less.
In the case at bar, the court clerk awarded attorney fees pursuant to such schedule in the amount of $446.93. While appellant’s default judgment obtained from the court clerk below was based upon contract, the attorney fees were awarded in accordance with the court’s schedule following the default judgment, and not as a cost item pursuant to the contract in issue. Appellant could have obtained a judgment through a court hearing, and not simply through a clerk’s judgment by default. In securing the clerk’s judgment by default, appellant implicitly accepted an attorney fees award pursuant to local rule 6.1.1, thus eschewing the section 1033.5, subdivision (a)(10) alternative. Appellant’s election of that procedure, therefore, precludes post-judgment attorney fees. The denial of appellant’s motion for postjudgment attorney fees is affirmed.
Holm, P. J., and Pfeiffer, J., concurred.

All statutory references herein are to the Code of Civil Procedure.