[Nos. G040349, G040412. Fourth Dist., Div. Three. June 16, 2009.]

PALACIO DEL MAR HOMEOWNERS ASSOCIATION, INC., Plaintiff and Respondent, v.
ARNOLD A. McMAHON, Defendant and Appellant.

COUNSEL

Arnold A. McMahon, in pro. per., for Defendant and Appellant.

Peters & Freedman, Michael G. Kim and Simon J. Freedman for Plaintiff and Respondent.

OPINION

**IKOLA, J.**—Defendant Arnold A. McMahon (McMahon) appeals from a postjudgment order directing him to turn over a domain name to plaintiff Palacio Del Mar Homeowners Association, Inc. (Palacio), to aid the execution of its judgment against McMahon. But Palacio cannot obtain an order directing the turnover of intangible property directly to it. And Palacio failed to show McMahon is in possession of the domain name. We reverse.

FACTS

As protracted litigation[1] snowballed, Palacio obtained a $40,000 judgment against McMahon for attorney fees incurred defending against McMahon's frivolous anti-SLAPP motion. (*Palacio IV, supra*, G038622 [affirming attorney fee award].) Palacio obtained a writ of execution. (*Palacio V, supra*, G039245 [dismissing appeal from order granting writ]; see Code Civ. Proc., § 699.510.)[2] The levying officer received two employer returns, but ultimately returned the writ unsatisfied to the court on the date it expired: February 27, 2008. (*Palacio V, supra*, G039245; see §§ 699.530, subd. (b), 699.560, subd. (a)(4).)

---

[1] This appeal is *Palacio VII*. It follows the following nonpublished opinions: *Palacio Del Mar Homeowners Assn., Inc. v. McMahon* (Mar. 17, 2004, G028742) (*Palacio I*) affirming judgment awarding injunctive relief, declaratory relief, and $134,000 in attorney fees and costs to Palacio; *Palacio Del Mar Homeowners Assn., Inc. v. McMahon* (May 31, 2005, G034741) (*Palacio II*) issuing writ reversing contempt judgment against McMahon; *Palacio Del Mar Homeowners Assn., Inc. v. McMahon* (Aug. 24, 2006, G036287) (*Palacio III*) affirming denial of McMahon's anti-SLAPP (strategic lawsuit against public participation) motion and sanctioning him for taking a frivolous appeal; *Palacio Del Mar Homeowners Assn., Inc. v. McMahon* (May 23, 2008, G038622) (*Palacio IV*) affirming Palacio's award of attorney fees incurred on McMahon's anti-SLAPP motion; *Palacio Del Mar Homeowners Assn., Inc. v. McMahon* (Aug. 25, 2008, G039245) (*Palacio V*) dismissing the McMahons' moot appeal from order issuing writ of execution to Palacio and sanctioning them and counsel; and *Palacio Del Mar Homeowners Assn., Inc. v. McMahon* (Dec. 1, 2008, G039731) (*Palacio VI*) reversing fraudulent transfer judgment against McMahon. Other related nonpublished opinions include: *Peters & Freedman v. McMahon* (Feb. 14, 2008, G037871) affirming denial of McMahons' anti-SLAPP motion to strike Palacio's counsel's libel complaint; *Pratt v. McMahon* (Feb. 14, 2008, G038236) same; and *Vithlani v. McMahon* (July 24, 2008, G038909) affirming judgment for McMahon's former counsel on his complaint to recover on unpaid legal bills in this action.

[2] All further statutory references are to the Code of Civil Procedure.

In the meantime, Palacio conducted a judgment debtor examination of McMahon on February 2, 2008. (§ 708.110, subd. (a).) McMahon conceded he had represented to the California Supreme Court that he " 'has been a provider of interactive computer service, www[.]ahrc.com, for approximately ten years . . . .' " He testified the statement was true, though he thought the domain name was registered in his wife's name.

Palacio moved for an order directing McMahon to turn over possession and control of the ahrc.com domain name. It supported its motion with the transcript pages from the judgment debtor examination, a printout from the Orange County Clerk-Recorder's Web site showing McMahon's wife had registered the fictitious business name "AHRC NEWS SERVICES" in 2001, and a printout from the Network Solutions' Web site showing AHRC News had registered the domain name in 1997.

The court granted the motion in April 2008. Its order provided, "It appears [McMahon] has an interest in the property in possession or under the custody and control of his wife." It directed McMahon and his wife (doing business as AHRC News or AHRC News Services) to "transfer [within 30 days] any and all rights of ownership, access, administration, and control over the domain name known as 'ahrc.com,' but not the speech content of the host computer to which the 'ahrc.com' domain name currently connects, to [Palacio]." It provided the "domain name shall be offered for sale by public auction [upon transfer], and the proceeds from said sale shall be applied towards the satisfaction of the money judgment dated April 18, 2007. . . ."

McMahon appealed and petitioned for a writ of supersedeas to stay the turnover order. We granted the petition, issued the writ of supersedeas, and consolidated the two matters.

## DISCUSSION

The parties devoted much of their briefing to discussing the nature of a domain name. We asked for additional briefing on more basic issues concerning the turnover order.[3] We conclude the order must be reversed.

■ The turnover order was sought and issued pursuant to section 708.205. That statute is part of an article governing judgment debtor examinations. (§ 708.110 et seq.) It authorizes the court to order "the judgment debtor's interest in the property in the possession or under the control of the judgment debtor . . . to be applied toward the satisfaction of the money judgment . . . ." (§ 708.205, subd. (a).)

---

[3] We deny as irrelevant Palacio's requests to take judicial notice.

■ Section 708.205 does not allow the turnover of the domain name directly to Palacio. It authorizes the judgment debtor's interest in property "to be applied toward the satisfaction of the money judgment." (§ 708.205, subd. (a).) ■ Cash is easily applied toward satisfying the judgment. Nonmonetary property is not so easily applied. It must be valued and sold. And section 708.205 does not authorize the judgment debtor to value property unilaterally or put it up for public sale.

■ Palacio unpersuasively contends otherwise. Its primary case holds the judgment debtor's interest in turned-over property is applied to the judgment by "order[ing] the person examined . . . to deliver property or funds to a levying officer or directly to the judgment creditor." (*Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 547 [39 Cal.Rptr.2d 432] (*Imperial*).) We parse the disjunctive clauses thusly: A turnover order may direct the examinee to deliver (1) property to a levying officer, and (2) funds directly to the judgment creditor—but not property directly to the judgment creditor. This limitation follows from the authorities upon which *Imperial* relies. In *Lewis v. Neblett* (1961) 188 Cal.App.2d 290 [10 Cal.Rptr. 441] (*Lewis*), the court affirmed a turnover order directing the judgment debtor to deliver cash to the sheriff as levying officer. (*Id.* at pp. 295, 298.) The Law Revision Commission comment to section 708.205 states the property may be ordered turned over to the levying officer or a receiver. (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc. (1987 ed.) foll. § 708.205, p. 455.) It further asserts "[t]he person examined may also be ordered to pay the judgment creditor directly" (*ibid.*), but it relies upon a case in which the court *reversed* (on other grounds) an order directing the judgment debtor's sublessee to pay rent directly to the judgment creditor. (*Hustead v. Superior Court* (1969) 2 Cal.App.3d 780, 783, 793 [83 Cal.Rptr. 26] (*Hustead*).)[4] If *Hustead* authorizes any turnover order, at most it supports the turnover of cash to the judgment debtor. At one point, *Imperial* cites a commentator for the proposition that " 'a turnover order issued in connection with an examination proceeding . . . may require delivery of property directly to the judgment creditor . . . .' " (*Imperial, supra*, 33 Cal.App.4th at p. 550.) But the cited commentator misreads *Hustead* and the comment to section 708.205 as supporting the turnover of nonmonetary property directly to the judgment creditor. (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The

---

[4] *Lewis* and *Hustead* construed former section 719, the predecessor of section 708.205. (See *Lewis, supra*, 188 Cal.App.2d at p. 295; *Hustead, supra*, 2 Cal.App.3d at p. 785, fn. 3; Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., *supra*, foll. § 708.205, p. 455.) Former section 719 provided, " 'The judge or referee may order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment; but no such order can be made as to money or property in the hands of any other person or claimed to be due from him to the judgment debtor, if such person claims an interest in the property adverse to the judgment debtor or denies the debt.' " (*Hustead*, at p. 785, fn. 3.)

Rutter Group 2009) ¶ 6:1341.) *Jogani v. Jogani* (2006) 141 Cal.App.4th 158, 173 [45 Cal.Rptr.3d 792], and *In re Burns* (Bankr. 9th Cir. 2003) 291 B.R. 846, 855, uncritically repeat *Imperial*'s reference to the commentator's unsupported conclusion. In sum, no persuasive authority directs the examinee to turn over nonmonetary property directly to the judgment creditor.

■ Palacio did not invoke and cannot rely upon the general turnover statute, section 699.040. The statute allows a judgment creditor to seek an order "directing the judgment debtor to transfer *to the levying officer* either or both of the following: [¶] (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody. [¶] (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon." (§ 699.040, subd. (a), italics added.) It does not allow a turnover to the judgment creditor.[5]

And section 699.040 limits itself to tangible property that can be "levied upon by taking it into custody" (or tangible, "documentary evidence of title" to property or a debt). (*Ibid.*) Domain name registration supplies the intangible "contractual right to use a unique domain name for a specified period of time." (*Network Solutions, Inc. v. Umbro International, Inc.* (2000) 259 Va. 759 [529 S.E.2d 80, 86].)[6] Even if this right constitutes property, it cannot be taken "into custody." (§ 699.040, subd. (a); accord, *Pacific Decision Sciences Corp. v. Superior Court* (2004) 121 Cal.App.4th 1100, 1109 [18 Cal.Rptr.3d 104] [no turnover order in aid of writ of attachment for "intangible assets incapable of being taken into physical custody"].)

Finally, the turnover order is wrongly directed at McMahon because Palacio has not shown the domain name is in his possession. (§§ 699.040, subd. (a) [authorizing turnover by "the judgment debtor"], 708.205 [authorizing turnover by third party only when it is examined].) Palacio's evidence showed the domain name is registered to McMahon's wife and serviced by Network Solutions. (See *Office Depot, Inc. v. Zuccarini* (N.D.Cal. 2007) 488 F.Supp.2d 920, 921 [§ 699.040 does not authorize turnover order directed at third party "domain name 'registrars' "].) McMahon's testimony he "operates" the associated Web site does not show he is in possession of the underlying domain name.

---

[5] The statute also authorizes a turnover order only when "a writ of execution is issued." (§ 699.040, subd. (a).) Palacio's writ of execution expired in February 2008, well before the court issued the turnover order in April 2008.

[6] (Accord, *Kremen v. Cohen* (9th Cir. 2003) 325 F.3d 1035, 1047–1048 (dis. opn. of Kozinski, J.) [the plaintiff's "intangible property is . . . the right to have people who type 'www.sex.com' into their web browsers sent to *his* website. It is, in standard Geek, the right to have the second-level .com domain 'sex' associated with *his* IP address in NSI's .com registry"].)

## DISPOSITION

The order is reversed. The matter is remanded to the trial court with directions to vacate the order. McMahon shall recover his costs on appeal.

Bedsworth, Acting P. J., and O'Leary, J., concurred.