Filed 8/3/23  Sanson v. Sanson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| DIANA SANSON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>SANDRA SANSON,<br><br>    Defendant and Respondent;<br><br>ROGER E. NAGHASH,<br><br>    Objector and Appellant. | G060976<br><br>(Super. Ct. No. 30-2018-01017438)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gerald G. Johnston, Judge.  Affirmed in part and reversed in part.

Law Offices of Roger E. Naghash and Roger E. Naghash for Plaintiff and Appellant Diana Sanson and Objector and Appellant Roger E. Naghash.[1]

No appearance for Defendant and Respondent.

---

[1]    Diana Sanson filed separate briefing which did not conform with California Rules of Court, rule 8.204.  We exercise our discretion under rule 8.204(e)(2)(C) to disregard the noncompliance in the interests of justice, and consider Diana Sanson's submission in conjunction with her counsel's brief.

## INTRODUCTION

Appellant attorney asks us to reverse an award of sanctions against him and his client for failure to conduct a required pretrial conference with his adversary. The sanctions were imposed by the trial court, and certainly encouraged by his adversary; appellant finds fault with both. But the person at fault here is undoubtedly appellant's counsel. It was his unreasonable insistence on an in-person conference that prevented it from taking place, and resulted in a nearly three-month delay of trial. There was no reasonable justification for him to insist on an in-person conference, and we affirm the trial court's award of sanctions against him. However, we find sanctions against his client were improper. Not only are we fairly certain she played no role in her counsel's conduct, she was given no notice of pending sanctions.

## FACTS

This matter stems from a petition filed in March 2020 by appellant Diana Sanson against her older sister Sandra, regarding Sandra's actions as trustee of their late mother's estate. The details of the trust dispute are irrelevant to our inquiry.

A court trial was set for October 19, 2021. Seven days before trial, Sandra's attorney, David Dunlap Jones, filed a declaration notifying the court that he and Diana's attorney, appellant Roger Naghash, had yet to conduct an issue conference, as required by The Superior Court of Orange County, Local Rules, rule 317 (Rule 317).[2] Jones averred Naghash had contacted him on September 14, 2021, in order to set the issue conference for October 5, 2021, at Naghash's office in Irvine. Jones had responded the following day that he was agreeable to the proposed date but wanted the conference to be held remotely through an electronic exchange.

---

[2] Under Rule 317, "[a]n Issue Conference is required in all cases at least 14 days before the date set for trial, at which time the parties must meet and confer and exchange and/or sign as applicable" certain documents and "Plaintiff/Petitioner must arrange the Issue Conference at a mutually agreeable time and location." (*Id.*, subd. (A).)

Naghash did not respond to this suggestion, and so on October 4, 2021, one day prior to the proposed conference date, Jones e-mailed Naghash again to ask that the conference take place the following day at 5:00 p.m. and to confirm an electronic exchange was agreeable. Naghash responded that he could not appear at 5:00 p.m. but suggested two other times for the conference, emphasizing that it would be "in-person."

In his declaration, Jones claimed he "immediately" wrote back to Naghash agreeing to the time change but reiterating that the conference should be electronic. He received no response, so he e-mailed Naghash again later in the day to propose a format for their electronic exchange. Once more, Naghash did not respond, so Jones filed his own pretrial documents.

Counsel appeared on October 19, 2021, and the trial court was essentially forced to continue trial on its own motion to January 4, 2022, for noncompliance with Rule 317. It also set an order to show cause hearing for December 17, 2021, regarding imposition of sanctions against Naghash under Code of Civil Procedure sections 128.5 and 177.5 for his insistence that the conference be in person.[3] It is unclear from the record whether Jones moved for such sanctions or whether the trial court set the order to show cause hearing sua sponte.

Naghash filed a declaration in response to the order to show cause, claiming he had tried to set up the conference in person and it was Jones who was being unreasonable by insisting it take place remotely. Naghash insinuated that Jones was manipulating the logistical planning of the issue conference to delay trial so he could receive Diana's deposition transcript first. Jones denied this was the case.

---

[3] All statutory references are to the Code of Civil Procedure unless otherwise indicated. Section 128.5 allows the trial court to order a party or attorney or both "to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (*Id.*, subd. (a).) Section 177.5 gives a judge the power "to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the court, for any violation of a lawful court order by a person, done without good cause or substantial justification."

3

On October 19, after the trial date had been continued, Naghash refused to budge on his stance that the issue conference be in person. Suffice it to say the correspondence between Jones and Naghash devolved from there, and the issue conference still had not taken place by the time the trial court heard the order to show cause regarding sanctions on December 17.

The court ordered the parties to conduct the issue conference remotely, and sanctioned both Naghash and his client Diana $5,771.25 under section 128.5 for their failure to comply with Rule 317. It declined to order any sanctions under section 177.5 "even though" it felt "such sanctions would be fully justifiable."

## DISCUSSION

"'The award of sanctions for a frivolous action [or tactic] under . . . section 128.5 is within the sound discretion of the trial court. [Citation.] Once imposed, "[the] test on appeal is whether the trial court has abused the broad discretion to justify our interference with a sanction award." [Citation.] In reviewing that exercise of discretion we are informed by "several policy guidelines: (a) an action that is simply without merit is not by itself sufficient to incur sanctions; (b) an action involving issues that are arguably correct, but extremely unlikely to prevail, should not incur sanctions; and (c) sanctions should be used sparingly in the clearest of cases to deter the most egregious conduct." [Citations.]' (*Bach v. McNelis* (1989) 207 Cal.App.3d 852, 878–879.)" (*Wallis v. PHL Associates, Inc.* (2008) 168 Cal.App.4th 882, 893.)

Naghash claims mandatory procedural prerequisites of section 128.5 were not followed. He argues Jones failed to serve his October 12 declaration regarding the Rule 317 conference in compliance with section 128.5's so-called "safe harbor" provision. The safe harbor provision to which Naghash refers is in subdivision (f)(1)(B) of section 128.5, and states: "If the alleged action or tactic is the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading that can be withdrawn or appropriately corrected, a notice of motion

4

shall be served as provided in Section 1010, but shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected." A similar safe harbor provision limits the trial court's authority to impose sanctions on its own motion pursuant to an order to show cause when the offending conduct is the making or opposing of a written motion, or filing of a frivolous pleading. (See § 128.5, subd. (f)(1)(D).) Naghash contends the trial court, too, ran afoul of the safe harbor provision when it scheduled the order to show cause hearing. And he also argues Diana was not given adequate notice of sanctions.

We reverse the order as to Diana, but affirm as to Naghash. There are several reasons why we do so.

First and foremost, none of these purported errors were ever raised before the trial court, at least not according to our record.[4] Instead, Naghash continually communicated to the trial court his opinion that Rule 317 required the conference to be in person and his belief that Jones was simply stalling trial to obtain deposition transcripts.[5] He never raised the safe harbor provisions of section 128.5. Because Naghash failed to object to any procedural defects before the trial court, he has waived those defects on appeal. (See *City of Rocklin v. Legacy Family Adventures-Rocklin, LLC* (2022) 86 Cal.App.5th 713, 735 [lack of strict compliance with section 128.5 was forfeited on appeal]; see also *Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546.)

Even if Naghash had preserved his objections, however, we would find them to be without merit. "The purpose of the safe harbor provision is 'to conserve

---

[4]     At oral argument, Naghash claimed he had done so, but he was unable to provide record citations demonstrating as much.

[5]     Naghash seemed to brush aside any concerns his opposing counsel may have had about COVID-19. When asked by the trial court at the order to show cause hearing whether its previous orders served as notice that the courts were "operating in a remote-only environment," Naghash expressed his belief that "the pandemic [wa]s almost over." With the emergence of the omicron variant only a few weeks before, his pronouncement was clearly inaccurate.

judicial resources otherwise spent adjudicating a sanctions motion by affording a prescribed period of time during which a party may correct or withdraw a frivolous or improper pleading or motion without any penalty. [Citation.] If the merits of the objectionable document are resolved by the court prior to the expiration of the safe harbor period, there is nothing left to correct or withdraw, thereby undermining the remedial purpose of the safe harbor provision.' (*Li v. Majestic Industry Hills LLC* (2009) 177 Cal.App.4th 585, 593-594.)" (*Changsha Metro Group Co., Ltd. v. Xufeng* (2020) 57 Cal.App.5th 1, 8-9.) The offending action here was not the filing of a written motion or pleading. It was the failure to engage in a Rule 317 conference. By the plain language of subdivision (f), no 21-day safe harbor period need be given in this case.

Naghash also contends section 128.5 does not apply to disclosures or objections, such as those to be made at a Rule 317 conference.[6] He is correct that subdivision (e) of the statute exempts "disclosures and discovery requests, responses, objections, and motions" from its scope. (§ 128.5, subd. (e).) But we are not persuaded that the Rule 317 conference is a disclosure or discovery request. It is a pretrial exchange of information *required by local rule*. Moreover, section 128.5, subdivision (b)(1) describes sanctionable actions or tactics as "includ[ing], but . . . not limited to" making or opposing written motions or serving frivolous pleadings. This indicates the range of sanctionable conduct is to be given a broad interpretation.

We do agree with Naghash that his client Diana was given insufficient notice of her exposure to section 128.5 sanctions. On October 19, the trial court set the order to show cause hearing regarding sanctions against Naghash only. Diana was not mentioned in the order. As a result, she did not file a declaration in response to the order to show cause, and did not appear for the hearing. Yet the trial court imposed sanctions

---

[6]     At a Rule 317 conference, the parties are to, amongst other things, exchange exhibits, stipulate to any agreed-upon facts, prepare a joint statement of the case, joint witness list, joint list of controverted issues, and exchange motions in limine.

jointly against Naghash and Diana. This constituted an abuse of discretion because the trial court was without authority under section 128.5 to impose sanctions against Diana without giving her "notice and opportunity to be heard." (§ 128.5, subd. (c).)

In the end, we lament Diana was ever the target of sanctions. In fact, both her submissions in our court and her statements at oral argument suggest she had no idea how Naghash was handling the litigation, let alone any role in his obstruction of the Rule 317 conference. This lack of communication, if true, cannot be countenanced. As an attorney, Naghash is *required* to keep Diana informed of developments in the litigation. (Rules Prof. Conduct, rule 1.4, subd. (a)(3) (a lawyer must "keep the client reasonably informed about significant developments relating to the representation.") He must also act with reasonable diligence and refrain from "unduly delay[ing] a legal matter entrusted to" him. (Rules Prof. Conduct, rule 1.3, subd. (b).) It does not appear Naghash has been complying with these obligations, and his client has suffered as a result. He must do better.

## DISPOSITION

The order imposing sanctions is affirmed as to appellant Roger Naghash and reversed as to appellant Diana Sanson. In the interests of justice, neither side is to recover costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


DELANEY, J.

7